UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE MANUEL,<br><br>    Petitioner,<br><br>    v.<br><br>JAMES D. HARTELY, Warden,<br><br>    Respondent. | NO. CV 08-7414-SJO (AGR)<br><br>ORDER TO SHOW CAUSE |

On November 10, 2008, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears that Petitioner fails to state a cognizable claim entitling him to federal habeas relief. *See* Rule 4 of the Rules Governing § 2254 cases.

The Court, therefore, orders Petitioner to show cause, on or before ***December 22, 2008***, why this Court should not recommend dismissal of the petition.

## I.

## **PROCEDURAL BACKGROUND**

In March of 2002, Petitioner was sentenced to 9 years in prison for second

1  degree robbery.  (Petition at 2.)  On August 18, 2004, the Inmate Classification
2  Committee at Wasco State Prison applied an "R" suffix to Petitioner's custody
3  designation.[1]  (Petition, First Level Appeal Response.)  On August 19, 2004,
4  Petitioner submitted an Inmate/Parolee Appeal form complaining of the
5  designation.  (*Id.*)  According to the prison,[2] Petitioner contended that the
6  Committee's action was improper because arrest reports from February 19 and
7  November 12, 1988, were untrue.  (*Id.*)  The prison concluded that the
8  Committee's action was proper.  (*Id.*)

In December 2006, while incarcerated at Avenal State Prison, Petitioner submitted another Inmate/Parolee Appeal Form concerning the "R" suffix, stating he was innocent of the charges in the police reports.  (Petition, Appeal Form.)  On April 10, 2007, his appeal was denied as untimely.  (Petition, First Level Appeal.)

On June 15, 2007, Petitioner filed a petition for writ of habeas corpus in the Kings County Superior Court, which was denied on August 3, 2007.  (Petition, Order Denying Petition for Writ of Habeas Corpus dated August 3, 2007.)  On September 17, 2007, Petitioner filed a second petition for writ of habeas corpus in the Kings County Superior Court, which was denied on November 14, 2007.  (Petition, Order Denying Petition for Writ of Habeas Corpus dated November 14, 2007.)  On January 8, 2008, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, which was denied on April 24, 2008.  (Petition, Order in Case No. F054445.)  On October 16, 2008, the California Supreme

///
///

---

[1]  15 Cal. Code Regs. § 3377.1(b) permits the California Department of Corrections to affix an "R" suffix "to an inmate's custody designation to ensure the safety of inmates, correctional personnel, and the general public by identifying inmates who have a history of sex offenses."  Before doing so, "the classification committee shall consider the arrest report(s) and district attorney's comments."  *Id.* § 3377.1(b)(5).

[2]  Petitioner does not attach the 2004 appeal form he completed.

2

Court denied Petitioner's petition for writ of habeas corpus with a citation to *In re Dexter*, 25 Cal. 3d 921 (1979).[3]  (Petition, Order in Case No. S164132.)

The petition here raises two grounds:  (1) the Classification Committee admitted to Petitioner it made a mistake in affixing an "R" suffix to his custody designation; and (2) the arrest reports on which the Committee relied do not have Petitioner's name on them.

## II.
## **DISCUSSION**

A district court may grant a petition for writ of habeas corpus if the petitioner shows "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method to challenge the legality or duration of a prisoner's confinement.  *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).  By contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the correct method for a prisoner to challenge the conditions of his confinement.  *McCarthy v. Bronson*, 500 U.S. 136, 142, 111 S. Ct. 1737, 114 L. Ed. 2d 194 (1991); *Preiser*, 411 U.S. at 499; *Badea*, 931 F.2d at 574.

Petitioner contends here that the "R" designation was improper under California law.  More specifically, he claims that the arrest reports on which the classification committee relied were false and that he was "exonerated" or that he is "innocent."  Petitioner does not challenge his conviction or sentence,[4] nor does he allege that the "R" designation has affected the length of his sentence.

---

[3] In *Dexter*, the California Supreme Court held that a prisoner must exhaust his administrative remedies before filing suit.  *Id.* at 925.

[4] The Court notes that Petitioner filed a federal habeas petition in this court on August 9, 2004, challenging his conviction.  *Manuel v. Vasquez*, Case No. 04-6572-SJO-Mc, Dkt. No. 1.  On September 7, 2005, judgment was entered denying the petition with prejudice.  *Id.*, Dkt. No. 33.

Because Petitioner is challenging the conditions of his confinement, a civil rights complaint pursuant to 42 U.S.C. § 1983 is the "proper remedy." *Preiser*, 411 U.S. at 499. The Court expresses no opinion as to the merits of such a civil rights complaint.

## III.
## **ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that, on or before **December 22, 2008**, Petitioner shall show cause, if there be any, why this Court should not recommend dismissal of the petition because he has failed to state a cognizable claim for federal habeas relief. Petitioner's response must explain why his claims entitle him to habeas relief based on the above legal standards.

*Petitioner is also advised that if he fails to timely respond to this Order to Show Cause, the Magistrate Judge will recommend that the Court dismiss the petition.*

DATED: November 21, 2008

　　　　　　　　　　　　　　　　／s／ Alicia G. Rosenberg
　　　　　　　　　　　　　　　　ALICIA G. ROSENBERG
　　　　　　　　　　　　　　　　United States Magistrate Judge